The Court took time to consider, in order, as they said, that this cause might be specially made up for the further consideration of the judges, should the objection appear upon further reflection to be of weight enough to raise a serious doubt; and after some days consideration they gave their opinion.
It is not necessary to make up the special case; this action was formerly brought by the administrator of the husband, and determined by two judges to have been improperly brought for that very reason. One of the Court now present, on hearing this matter *Page 216 
(276) first moved, was inclined to think the action should have been in the name of the administrator of the husband, but upon further consideration he is convinced of his mistake, and it was occasioned by not distinguishing between the right of property and the right of action. It is a true position that the property of this negro was vested in the representative of the husband, in the same manner as a legacy is vested in the legatee, or a distributive share in one of the next of kin, who, if he dies, will transmit his share to his representative, in this case the husband was entitled as next of kin, and not as husband, and by his death hath transmitted the right he had to his representative; that was only a right to demand the negro of the administrator of the wife after debts paid. No person is entitled to receive this negro in the first instance, but only as administrator of the wife, to the end that her property in the hands of her administrator may be subject to the payment of all just debts contracted by her dum sola. The husband was indeed entitled to be her administrator, but he did not apply; another might be appointed, who will be a trustee for the husband as to all that part of the wife's choses in action that such administrator shall recover or get in above what will satisfy her debts. This administrator is entitled in the first place to the possession of all her choses in action, and is accountable to the husband, or the representatives of the husband, in the same manner as he would be accountable in other intestacies to a distributive sharer and his representatives; so it would be of no use to make up this special case, all the judges of the State being of this opinion, the other judges now upon the other circuit having decided this very case before, and the two now present, being of the same opinion. So the plaintiff had judgment. The Court relied upon Co. Litt., 351; H. B., 538.
Cited: Johnston v. Pasteur, 1 N.C. 582, 583; Lewis v. Hynes, post, 278; Kornegay v. Carroway, 17 N.C. 406; Weeks v. Weeks, 40 N.C. 120;Wooten v. Wooten, 123 N.C. 223.